IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEONTE CLARK, | : | MOTION TO VACATE |
| BOP ID 56271-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:14-CV-648-WBH-GGB |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:04-CR-371-WBH-GGB |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on federal inmate Deonte Clark's *pro se*

Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a

Person in Federal Custody Pursuant to § 2255(f)(3) [Doc. 52], and the

Government's Response [Doc. 54].  For the following reasons, I **RECOMMEND**

that Mr. Clark's § 2255 motion be **DENIED** and a Certificate of Appealability be

**DENIED**.

In 2005, Mr. Clark pled guilty to being a felon-in-possession-of-a-firearm in

violation of 18 U.S.C. § 922(g), and he acknowledged that he was subject to a

mandatory minimum sentence of fifteen years because his prior convictions for

serious drug offenses qualified him for sentencing as an Armed Career Criminal

pursuant to 18 U.S.C. § 924(e).  *See* [Doc. 46-1].  Mr. Clark's Indictment listed

three prior convictions for serious drug offenses, *see* [Doc. 1 at 1], and, as part of his Plea Agreement, Mr. Clark agreed "not to attack the three prior convictions that serve as the basis for his conviction under 18 U.S.C. § 924(e)," [Doc. 46-1 at 4].

This Court sentenced Mr. Clark to the mandatory minimum term of imprisonment of fifteen years. *See* [Doc. 50]. Mr. Clark did not appeal.

After serving the first ten years of his sentence, Mr. Clark filed in 2014 a *pro se* § 2255 motion asserting that (1) pursuant to the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), this Court improperly relied on a state conviction for aggravated assault to enhance his sentence pursuant to § 924(e), and (2) pursuant to the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), this Court improperly enhanced his sentence pursuant to § 924(e) without "a jury trial determination that his mandatory minimum sentence was to be 15 years." [Doc. 52 at 5-6]. Neither of these claims has any merit.

First, this Court enhanced Mr. Clark's sentence based on his prior convictions for three serious drug offenses, not his conviction for aggravated assault. Whether or not Mr. Clark's aggravated assault conviction constituted a fourth qualifying predicate offense is irrelevant because the three serious drug

2

offenses identified in the Indictment – the validity of which is unchallenged – are sufficient to warrant enhancement of his sentence pursuant to § 924(e).

Second, the Supreme Court's decision in *Alleyne* does not require that a jury determine that a criminal defendant has three qualifying predicate convictions before his sentence may be enhanced pursuant to § 924(e).  As the United States Court of Appeals for the Eleventh Circuit recently stated:

> In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt.  The Supreme Court's subsequent decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), did not disturb the holding of *Almendarez-Torres*.
>
> In *Alleyne*, the Supreme Court . . . held that any factor that increases a defendant's mandatory minimum sentence is an element of the crime that must be found by a jury.  *Alleyne*, however, did not address prior-conviction sentencing enhancements.  Instead, the Supreme Court explicitly stated that it was not revisiting the "narrow exception to this general rule for the fact of a prior conviction."  As the Supreme Court has yet to overrule *Almendarez-Torres*, we continue to follow that case as binding precedent.

*United States v. Rivas*, 555 F. App'x 895, 895 (11th Cir. 2014) (internal citations omitted).  Thus, there was no requirement that a jury find that Mr. Clark had three

3

qualifying predicate convictions before this Court could enhance his sentence under § 924(e).

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Because Mr. Clark has not demonstrated that he is entitled to federal habeas relief or that the issue is reasonably debatable, a Certificate of Appealability should be denied.

Therefore, I **RECOMMEND** that Mr. Clark's § 2255 motion be **DENIED** and that a Certificate of Appealability be **DENIED**.

I **DIRECT** the Clerk to terminate the referral of this case to me.

4

**IT IS SO RECOMMENDED**, this 30th day of July, 2014.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

5